# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 22-cv-00495-NYW

MONIKA WLOCH,

    Plaintiff,

v.

UR M. JADDOU, in her official capacity as Director of U.S. Citizenship and Immigration Services,
ANDREW LAMBRECHT, in his official capacity as Field Office Director of the Denver Field Office, and
ALEJANDREO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,

    Defendants.

## ORDER ON MOTION TO REMAND

This matter comes before the Court on Defendants' Motion for Remand and Stay of Responsive Pleading Deadline (the "Motion" or "Motion to Remand") [Doc. 12]. The Court has reviewed the Motion, the related briefing, the entire case file, and the applicable case law, and concludes that oral argument would not materially assist in the resolution of this matter. For the following reasons, the Motion to Remand is respectfully **GRANTED**.

## BACKGROUND

Plaintiff Monika Wloch ("Plaintiff" or "Ms. Wloch") is a native and citizen of Poland and a lawful permanent resident of the United States. [Doc. 1 at 2; Doc. 12-1 at ¶ 5]. Ms. Wloch applied for naturalization in the United States on September 25, 2022. [Doc. 1 at ¶ 5; Doc. 12-1 at ¶ 5]. On May 21, 2021, Ms. Wloch was interviewed by the United States Citizenship and Immigration Services ("USCIS") and passed the English test and U.S. history and government test

required for the naturalization process.  [Doc. 1 at ¶¶ 5, 16; Doc. 12 at 2; Doc. 1-1 at 1].  At that time, Ms. Wloch was informed that a determination on her application could not yet be made and that USCIS would send her a written decision regarding her application.  [Doc. 1-1 at 1].

Ms. Wloch initiated this civil action on February 28, 2022 by filing her Petition for Relief Pursuant to 8 U.S.C. § 1447(b) (the "Petition").  *See* [Doc. 1].  In her Petition, she states that more than 284 days have passed since USCIS's last action in this case, and no determination on her application has been made, even though she has passed the necessary tests and she has no criminal history or physical absences from the United States that would prohibit her ability to naturalize.  [*Id.* at ¶¶ 6, 12-13, 15].  Ms. Wloch requests that the Court rule on her Petition and declare her a naturalized United States citizen under 8 U.S.C. § 1447(b).  *See* [*id.* at ¶¶ 10, 22].

Defendants—the Director of USCIS, the Field Office Director of the Denver USCIS Field Office, and the Secretary of the United States Department of Homeland Security, all sued in their respective official capacities—filed the Motion to Remand on May 2, 2022.  [Doc. 12].[1]  In the Motion, Defendants represent that during Ms. Wloch's USCIS interview, the interviewing officer "identified concerns with Plaintiff's marriage through which she obtained her lawful permanent residence," which Defendants represent required an investigation by the USCIS Fraud Detection and National Security Directorate ("FDNS").  [Doc. 12 at 2-3; Doc. 12-1 at ¶¶ 6-7].  Defendants represent that FDNS conducted a comprehensive, months-long investigation into Ms. Wloch's marriage.  [Doc. 12 at 3; Doc. 21-1 at ¶ 8].  Through its investigation, FDNS "concluded that

---

[1] In all, Defendants filed three motions to remand – first a Motion for Remand and Stay Responsive Pleading Deadline, and subsequently two Amended Motions for Remand and Stay Responsive Pleading Deadline.  Each of these motions was filed on May 2, 2022, and the motions are substantially similar.  [Doc. 10; Doc. 11; Doc. 12].  After this case was reassigned to the undersigned on August 4, 2022, *see* [Doc. 21], this Court denied the first motion for remand [Doc. 10] and the first amended motion for remand [Doc. 11] as moot.  *See* [Doc. 23].

Plaintiff's marriage through which she obtained her lawful permanent resident status was fraudulent and entered into for the sole purpose of obtaining an immigration benefit." [Doc. 12 at 3].[2] On January 18, 2022, FDNS created a Statement of Findings, *see* [Doc. 12-1 at 7], which was returned with Ms. Wloch's file to the USCIS interviewing officer on February 17, 2022. [Doc. 12-1 at ¶ 10]. Shortly thereafter, Ms. Wloch filed this case. [Doc. 1]. Defendants move the Court to remand this case to USCIS to adjudicate Plaintiff's naturalization application. [Doc. 12 at 4]. They represent that USCIS is "prepared to issue a [Notice of Intent to Deny ("NOID")] within seven calendar days of the remand and is "committed to making a final decision [on the application] within fourteen calendar days of receiving Plaintiff's response to the NOID." [*Id.*; Doc. 12-1 at ¶¶ 12-13].[3]

## LEGAL STANDARD

The naturalization process begins when an applicant files a Form N-400 with USCIS. *See* 8 U.S.C. § 1445(a); 8 C.F.R. § 334.2. USCIS must then investigate and examine the applicant. See 8 U.S.C. § 1446; 8 C.F.R. §§ 335.1-335.2. Upon examination, USCIS must then make a "determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d).

If USCIS fails to make a determination on a naturalization application within 120 days of the applicant's examination, "the applicant may apply to the United States district court for the

---

[2] The Court notes that Ms. Wloch and her now-ex-husband deny that their marriage was fraudulent. [Doc. 15 at 2; Doc. 15-1 at 1]. This Court does not pass on the Parties' factual disputes.

[3] On July 7, 2022, Ms. Wloch filed "Plaintiff's Notice to the Court of Defendants' Recent Unlawful Retaliation Against Her," informing the Court that her Lawful Permanent Resident card had been improperly taken and retained by the United States Customs and Border Protection upon her return from a visit to Poland. [Doc. 19]. On August 19, 2022, Plaintiff filed a Status Report with the Court indicating that her Lawful Permanent Resident card had been returned. [Doc. 24]. Therefore, this Court does not address this issue herein.

district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). After the 120-day waiting period has elapsed and the applicant files a petition in federal court, the court has jurisdiction over the matter and "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." *Id.* "The central purpose of Section 1447(b) was to reduce the waiting time for naturalization applicants by addressing the problem of long backlogs moving through the naturalization process." *Aboeleyoun v. U.S. Citizenship & Immigr. Servs.*, No. 07-cv-01927-LTB, 2008 WL 1883564, at *2 (D. Colo. Apr. 25, 2008) (quotation omitted).

For courts reviewing naturalization applications under § 1447(b), "remand is often the ordinary course," though "some courts . . . have elected to exercise their statutory authority . . . particularly in the face of protracted agency delay." *Taalebinezhaad v. Chertoff*, 581 F. Supp. 2d 243, 246 (D. Mass. 2008); *see also Borski v. Lynch*, No. 16-cv-00924-RM, 2017 WL 1153997, at *6 (D. Colo. Mar. 27, 2017) (D. Colo. Mar. 27, 2017) (a court should decide a naturalization application only in "narrow circumstances" where USCIS "unnecessarily delays" consideration of the application). "Most courts remand matters back to USCIS with instructions, recognizing the agency's expertise in immigration matters," *Moreno v. Nielsen*, No. 17-cv-03146-WJM-MJW, 2018 WL 11446891, at *2 (D. Colo. May 30, 2018), as the "USCIS is better equipped to handle these cases and has more expertise than district courts in adjudicating applications." *Rashid v. Dep't of Homeland Sec.*, No. 2:14-cv-2109-JAM-KJN, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017).

Should the Court grant a hearing on the naturalization application, the Court reviews the application de novo to determine whether it should be granted. *See Sabir v. U.S. Citizenship & Immigr. Servs.*, No. 07-cv-00914-WYD-MJW, 2008 WL 762242, at *4 (D. Colo. Mar. 19, 2008).

If the Court decides to remand the matter to USCIS, it may do so with conditions as to how USCIS must proceed on remand. *See, e.g.*, *Juwale v. U.S. Citizenship & Immigr. Servs.*, No. 06-cv-01837-LTB-MJW, 2007 WL 622227, at *2 (D. Colo. Feb. 23, 2007).

## ANALYSIS

The Parties do not dispute that over 120 days have passed since Plaintiff's USCIS interview, *see* [Doc. 1 at ¶ 6; Doc. 12 at 7], and this Court has jurisdiction over this matter pursuant to 8 U.S.C. § 1447(b). Thus, the narrow issue before the Court is whether, as Defendants suggest, remand of this case to USCIS for a determination on Plaintiff's naturalization application is appropriate.

Defendants argue that the Court should remand the case because USCIS, "[a]s the agency charged with administering the nation's immigration system," is "in the best position to conduct investigations, gather relevant evidence, and thoroughly evaluate the evidence to determine an applicant's eligibility for naturalization." [Doc. 12 at 4]. Defendants note that USCIS has not yet issued an NOID and Plaintiff has not yet had an opportunity to respond to an NOID with additional evidence, and argue that if she does present such additional evidence in response to USCIS's anticipated NOID, USCIS will be in the best position to evaluate that evidence and make a decision on Plaintiff's application in the first instance. [*Id.* at 5]. Finally, Defendants note that Ms. Wloch "may still avail herself of this Court's review if USCIS ultimately denies her application." [*Id.* at 7]; *see also* 8 U.S.C. § 1421(c) ("A person whose application for naturalization under this subchapter is denied . . . may seek review of such denial before the United States district court for the district in which such person resides.").

In her Response to the Motion to Remand, Ms. Wloch first argues that this Court has jurisdiction over this case and maintains that "Defendants have failed to produce controlling

5

authority that requires a remand in this case, and in fact, the cases they rely upon reinforce the premise that remand is not warranted in this case." [Doc. 15 at 5]. She further asserts that Defendants had sufficient time to issue a decision on her naturalization application and, "having failed to do so, they must now make their arguments to this Court, instead of solely to [Plaintiff] herself." [*Id.*]. And finally, Plaintiff argues that judicial economy will be served by denying the Motion to Remand and keeping the case in federal court. [*Id.* at 6].

The Court respectfully agrees with Defendants that remand is appropriate in this case. First and foremost, USCIS is in the best position to evaluate Plaintiff's application and the evidence in this case. *See Zhang v. U.S. Citizenship & Immigr. Servs.*, No. CV 17-706 (EGS), 2017 WL 3190559, at *2 (D.D.C. July 26, 2017) ("USCIS is better equipped than this Court to make a decision concerning a naturalization application, at least in the first instance."); *Mahd v. Chertoff*, No. 06-cv-01023-WDM-PAC, 2007 WL 891867, at *3 (D. Colo. Mar. 22, 2007) ("Congress has placed initial decision-making authority on naturalization applications with USCIS because of the agency's expertise in that area."). "The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *INS v. Ventura*, 537 U.S. 12, 16 (2002).[4]

---

[4] Ms. Wloch argues that *Ventura* is not applicable to this matter because "*Ventura* involved a decision regarding asylum law from the Board of Immigration Appeals" and "district courts do not have independent statutory authority over asylum laws, while they do have that authority over naturalization laws." [Doc. 15 at 4]. But in *Ventura*, the Supreme Court stated that, "[g]enerally speaking," courts should "remand a case to an agency for decision of a matter that statutes place primarily in agency hands," and that "[t]his principle has obvious importance in the immigration context." *Ventura*, 537 U.S. at 16-17. That *Ventura* did not involve the identical factual circumstances to the instant case does not negate the Supreme Court's guidance with respect to agency expertise.

Ms. Wloch argues that remand is not warranted here because Defendants' cited authority is not on point and "invocation of the remand function is not standard amongst the judicial circuits, save for cases where the FBI background checks have not been completed." [Doc. 15 at 4]. In so arguing, she relies on *Kim v. McAleenan*, No. 19-cv-01212-SKC, 2020 WL 1026494 (D. Colo. Mar. 3, 2020), wherein another court in this District denied the government's motion to remand to permit USCIS to decide the plaintiff's pending naturalization application. In *Kim*, the court found the government's argument that USCIS was in the best position to determine the application unpersuasive, noting that this "rationale seems paramount in cases where the FBI background check was not yet complete or where the Agency had yet to resolve security concerns," which factual circumstances were not present in *Kim*. *See* 2020 WL 1026494, at *2 (citing cases). But this statement in *Kim* does not expand the appropriate scope of judicial intervention, which must be reserved "for those rare circumstances in which [USCIS] unnecessarily delays the adjudication of an application." *Ajlani v. Chertoff*, 545 F.3d 229, 240 (2d Cir. 2008) (quotation omitted); *see also Borski*, 2017 WL 1153997, at *6 ("[T]here are only narrow circumstances when a district court should undertake to decide a naturalization application itself."). Indeed, in *Kim*, there was an "extraordinary" three-year delay by USCIS in determining the plaintiff's application, which led the court to conclude that the case "present[ed] that rare circumstance" requiring judicial intervention. *Kim*, 2020 WL 1026494, at *2, *3.

Here, the Court cannot conclude that such extraordinary circumstances exist at this time so as to require judicial intervention in the determination of Ms. Wloch's naturalization application. After Ms. Wloch's USCIS interview, USCIS referred the case to FDNS, which conducted a five-month-long investigation into Ms. Wloch's former marriage. [Doc. 12-1 at ¶¶ 7-8]. FDNS returned Ms. Wloch's file to USCIS on February 17, 2022, and Ms. Wloch filed her Petition in

7

this Court only 11 days later. [*Id.* at ¶ 10; Doc. 1]. Defendants further have represented, as officers of the Court, that USCIS, "prepared to issue a NOID within seven calendar days of the remand and is "committed to making a final decision [on the application] within fourteen calendar days of receiving Plaintiff's response to the NOID." [Doc. 12 at 4; Doc. 12-1 at ¶¶ 12-13]. While the Court understands Ms. Wloch's desire to have her naturalization application determined promptly and the fact that she has been waiting for a decision that is certain to have a serious impact on her life, the Court cannot conclude that USCIS has *unnecessarily* delayed a decision on her application in this case, given the short timeframe between the completion of USCIS's investigation and Ms. Wloch's Petition in this case and in light of the applicable legal authority. Accordingly, the Court is respectfully not persuaded that judicial intervention is warranted in this case. *Ajlani*, 545 F.3d at 240.

Insofar as Ms. Wloch argues that judicial economy is best served by denying the Motion to Remand, the Court respectfully disagrees. Instead, it is "in the interest of judicial economy to allow the agency with subject matter expertise in immigration to evaluate Plaintiff's application in the first instance." *Moreno*, 2018 WL 11446891, at *3. This is particularly true here, where Defendants represent that USCIS is prepared to issue a decision on Plaintiff's application within seven calendar days of remand. "If Plaintiff disagrees with the outcome, [s]he may seek administrative and judicial review on a more fully-developed record." *Id.*[5]

---

[5] Ms. Wloch argues that "Defendants can attempt to moot out this Court's jurisdiction by referring [Plaintiff] to the Immigration Court for removal proceedings after denying her naturalization petition, costing [her] years of litigation before she can be back again before this Court." [Doc. 15 at 6]. "While this prognostication may well turn out to be accurate, the Court [cannot] at this time . . . engage in speculation and conjecture on what USCIS will decide" with respect to Ms. Wloch's application. *Marron*, 2011 WL 6032930, at *2. Instead, the Court is limited to addressing only the present issues before it, and concludes that remand is appropriate under the circumstances of this case.

Accordingly, the Court will grant the Motion for Remand and administratively close this case, subject to reopening for good cause shown.[6] Due to the length of time Ms. Wloch's application has been pending, and because Defendants represent that USCIS is prepared to issue a prompt determination on the application, the Court **ORDERS** USCIS, if it intends to issue an NOID, to issue the NOID no later than **seven days** from the date of this Order. In addition, in the event that USCIS issues an NOID, USCIS shall issue a final agency decision within **fourteen days** of Plaintiff's response to the NOID. If an NOID is not issued, USCIS must issue a final agency decision no later than **November 25, 2022**. *See* 8 U.S.C. § 1447(b) (the Court may "remand the matter, with appropriate instructions, to [USCIS] to determine the matter"); *Moreno*, 2018 WL 11446891, at *3 (remanding case to USCIS with instructions to issue decision by a date certain); *Marron*, 2011 WL 6032930, at *2 (same). **No extensions of these deadlines will be granted absent extraordinary circumstances.** Defendants and USCIS are **ADVISED** that agency backlog does not constitute an extraordinary circumstance warranting an extension of these deadlines.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) Defendants' Motion for Remand and Stay of Responsive Pleading Deadline [Doc. 12] is **GRANTED**;

(2) This case is **REMANDED** to USCIS;

---

[6] Demonstrating good cause to reopen an administratively closed matter is not onerous; rather, "good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (unpublished) (quotations omitted); *see also Frederick v. Hartford Underwriters Ins. Co.*, No. 11-cv-02306-RM-KLM, 2015 WL 1499662, at *1 (D. Colo. Mar. 27, 2015) ("Here, Defendant seeks a determination of the parties' rights and claims. Thus, good cause exists to reopen the matter." (internal citations omitted)).

(3)     USCIS **SHALL** issue an NOID, if it intends to do so, no later than **seven days** after the date of this Order. If USCIS issues an NOID, it **SHALL** issue a final agency decision no later than **fourteen days** after Plaintiff's response to the NOID;

(4)     If USCIS does not issue an NOID, it **SHALL** issue a final agency decision no later than **November 25, 2022**;

(5)     **No extensions of these deadlines will be granted absent extraordinary circumstances**;

(6)     This matter is **ADMINISTRATIVELY CLOSED**, subject to reopening for good cause shown; and

(7)     On or before **December 2, 2022**, the Parties shall file a joint status report informing the Court of the developments in this matter since the entry of this Order.

DATED: October 24, 2022                     BY THE COURT:

_____
Nina Y. Wang
United States District Judge